

Darryl R. Graham

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

T: 212 880 3800
F: 212 905 6473

September 27, 2021

**VIA ECF**
Honorable Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *The Gap, Inc. v. Ponte Gadea New York LLC*
               Case 1:20-cv-4541(LTS)(KHP)

Dear Magistrate Judge Parker:

      We are counsel to Ponte Gadea New York LLC ("Ponte Gadea") in the above-captioned action and hereby respond to the letter submitted by Gap, Inc. ("Gap"), dated September 24, 2021 (ECF No. 98).  For the reasons discussed below, Ponte Gadea opposes Gap's request for a telephonic conference to discuss its purported "need for discovery" and Gap's request (made without first conferring with Ponte Gadea) to extend the deadline to submit its damages submission as directed in the August 10, 2021 Opinion and Order ("Damages Order") (ECF No. 92), as amended. (ECF No. 94) (extending Gap's deadline from September 17, 2021 to October 1, 2021).

      Gap has yet to comply with the Damages Order (*see* ECF No. 96), which required the parties to meet and confer regarding the outstanding damages issues, as Gap acknowledged in the joint letter request for an extension of time (ECF No. 93).  Regardless, the record further demonstrates that discovery is unnecessary to comply with the Damages Order (as Ponte Gadea's submission demonstrates), was unauthorized and uncontemplated by the Court (as the Damages Order demonstrates), and was never sought at the outset by the parties.  Indeed, the Court concluded (and the parties represented) that discovery was unnecessary to resolve the merits of this dispute, and neither party sought leave to take discovery either before or immediately following the Inquest hearing or the Damages Order.  Further, the Damages Order contemplated a quick turnaround to complete the meet and confer and submissions, which did not account for the taking of protracted discovery.  *See* (ECF No. 92, p. 31 (original deadlines of August 27, 2021 and September 17, 2021)).

      Nevertheless, and notwithstanding Gap's continued violation of the Damages Order for failing to meet and confer with Ponte Gadea in good faith, Gap now seeks to effectively stay its obligation to submit its counter-position on damages (including regarding the fair market value of the Premises) and obtain discovery as to Ponte Gadea's damages submission (an advantage that

Honorable Katharine H. Parker, U.S.M.J.
September 27, 2021
Page 2

_____

Ponte Gadea did not have in preparing its damages submission) without articulating why that discovery is even necessary (such a showing being noticeably absent from Gap's letter submission). Absent Gap's damages submission, the parties and the Court can only speculate as to whether factual issues actually exist. As such, Gap's request is not only premature, but also prejudicial to Ponte Gadea, and would reward Gap's dilatory conduct and refusal to confer in good faith on the damages issues.

In fact, this is precisely what Ponte Gadea explained to Gap weeks ago, but which Gap omitted from its submission to the Court. A copy of the parties' exchange regarding discovery is attached as **Exhibit 1**. As Ponte Gadea explained on September 15, 2021, the Court never authorized any discovery or otherwise empowered Gap's informal request for discovery. Regardless, Gap's informal requests are premature and unnecessary, as Gap has not identified any question of fact, nor can Ponte Gadea respond to whether there is a genuine dispute as to any material fact until Gap complies with the Damages Order and articulates its position. Thus, Ponte Gadea objects to Gap's request for discovery, particularly in light of the Court's determination that there were not any genuine issues of material fact that needed resolving and Gap's failure to identify any in either its submission to the Court or to Ponte Gadea.

Because the need for any discovery and the scope of that need is, at best, speculative at this time, and will remain an abstract issue until Gap makes its submission and takes an affirmative position on the open damages issues, the Court should deny the request. Accordingly, Ponte Gadea requests that the Court direct Gap to comply with the Damages Order and file its damages position on October 1, 2021. The parties can then appear at the currently scheduled October 26, 2021 in person conference to addresses whether there are any discovery issues that exist, as well as any other open issues, and the Court can determine whether to authorize discovery with the benefit of a complete record.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Darryl R. Graham*

Darryl R. Graham